Jackie Wayne SHELBY, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–05–00221–CR.

Court of Appeals of Texas, Waco.

June 21, 2006.

---

Gregg Hill, Sims, Moore, Hill & Gannon, L.L.P., Hillsboro, for Appellant.

Dan V. Dent, Hill County Dist. Atty., Hillsboro, for Appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

FELIPE REYNA, Justice.

Jackie Wayne Shelby appeals the denial of his suppression motion in his prosecution for possession of cocaine. Shelby contends in his sole issue that State failed to prove sufficient exigent circumstances to support the warrantless search of his motel room. We will affirm.

 The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. CONST. amend. I

Pursuant to the Fourth Amendment, a warrantless search of either a person or property is considered per se unreasonable subject to a "few specifically defined and well established exceptions." The Supreme Court has held that voluntary consent to search, search under exigent circumstances, and search incident to arrest are among these exceptions. It is the State's burden to show that the search falls within one of these exceptions.

*McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim.App.2003) (citations and footnotes omitted) (quoted by *Estrada v. State*, 154 S.W.3d 604, 608 n. 12 (Tex.Crim.App. 2005)). The protections of the Fourth Amendment apply to the occupant of a motel room. *See Stoner v. California*, 376 U.S. 483, 490, 84 S.Ct. 889, 893, 11 L.Ed.2d 856 (1964); *Moberg v. State*, 810 S.W.2d 190, 194 (Tex.Crim.App.1991); *Mondragon–Garcia v. State*, 129 S.W.3d 674, 677 (Tex.App.-Eastland 2004, pet. ref'd).

██ A warrantless search will be deemed "reasonable" under the Fourth Amendment if probable cause exists for the search and there are exigent circumstances. *Estrada*, 154 S.W.3d at 608; *McNairy v. State*, 835 S.W.2d 101, 106 (Tex.Crim.App.1991). Prevention of the destruction of evidence or contraband is an exigent circumstance which will support a warrantless search. *See Estrada*, 154 S.W.3d at 608 n. 12; *McNairy*, 835 S.W.2d at 107. To support a finding of exigent circumstances on this basis, it must be shown that the officers "could have reasonably concluded that evidence would be destroyed or removed before they could obtain a search warrant." *McNairy*, 835 S.W.2d at 107; *Effler v. State*, 115 S.W.3d 696, 699 (Tex.App.-Eastland 2003, pet. ref'd).

Here, a motel manager contacted the police to complain that "drug paraphernalia and debris and marihuana smoke" had been found in Shelby's room after he was moved to another room because of a water leak. Shelby had vacated this room only 30 or 45 minutes before the manager's call was received.

Corporal Dave Sinclair of the Hillsboro Police Department found "debris on the counter tops, stems from marihuana, rolling papers.... There w[ere] blunts that had not been smoked completely, which were very small which still had a green leafy substance in [them] in the trash can, just debris." This debris "was on the sink, it was on the bed, on the night stand, and there was debris on the table that was in the room."

Sinclair was advised that "the management" wanted Shelby to leave the premis-

es, and Sinclair was taken to Shelby's new room. Sinclair knocked on Shelby's door and identified himself as a police officer. He heard music coming from within the room but Shelby did not respond to his knocking. Nevertheless, "management and ... two cleaning ladies" assured Sinclair "that Mr. Shelby was indeed in the room." Because Sinclair believed that Shelby had been smoking marihuana very recently given the odor in his former room, Sinclair was concerned that Shelby was flushing whatever marihuana he had left down the toilet. He testified that, because it was a Saturday, it may have taken "[s]everal hours" to obtain a search warrant.

For these reasons, Sinclair had a motel employee open the door to Shelby's room. Sinclair and another officer conducted a brief sweep of the room searching for Shelby. However, he was not there. As the officers were about to leave the room, Shelby entered. Shelby identified himself, and as Sinclair was explaining the situation, he noticed a clear plastic baggie of marihuana protruding from Shelby's pocket. Sinclair immediately removed the baggie of marihuana, and as he did, a rock of crack cocaine came out of Shelby's pocket and fell to the floor.

Sinclair then arrested Shelby. During a search incident to arrest, Sinclair found in that same pocket "two large bundles of cash" and a pill bottle containing several additional rocks of crack cocaine.

■ It is not disputed that Sinclair had probable cause to search Shelby's room. The issue is whether there were sufficient exigent circumstances for a warrantless search. Based on Sinclair's testimony that (1) Shelby had only recently smoked marihuana, (2) Shelby left significant "debris" and paraphernalia in his former room, (3) it would have taken several hours to obtain a warrant, and (4) motel employees insist-

ed that Shelby was in his room, we cannot say that the court abused its discretion by concluding that there were sufficient exigent circumstances. *See Estrada*, 154 S.W.3d at 609–10.

Therefore, we overrule Shelby's sole issue and affirm the judgment.