In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00175-CR


______________________________




ROBERT RAY MAGGARD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 228th Judicial District Court


Harris County, Texas


Trial Court No. 755606




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Grant



O P I N I O N



 Robert Ray Maggard pleaded guilty to the offense of aggravated sexual assault of a child. 
The trial court sentenced him to forty years' imprisonment on December 18, 1997. Maggard did not
file a motion for new trial; therefore, his notice of appeal was due by January 20, 1998, or with a
proper request for an extension, by February 4, 1998. Tex. R. App. P. 26.2(a)(1), 26.3. However,
Maggard did not file a Notice of Appeal.

 On August 15, 2001, Maggard filed a Motion for Out of Time Appeal in the district court,
which was assigned to the First Court of Appeals. The First Court of Appeals docketed the case, but
the matter was transferred to this court pursuant to an order from the Texas Supreme Court.

 Because Maggard did not file a timely Notice of Appeal, we lack jurisdiction. Olivo v.
State,918 S.W.2d 519, 522 (Tex. Crim. App. 1996). (1) 

 The appeal is dismissed for want of jurisdiction.



 Ben Z. Grant

 Justice


Date Submitted: November 8, 2001

Date Decided: November 8, 2001


Do Not Publish 
1. In Olivo, the Texas Court of Criminal Appeals noted that the denial of a meaningful appeal
because of ineffective assistance of counsel is a proper ground for habeas corpus relief. Olivo v.
State, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); see also Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon Supp. 2001).



ns-serif">Procedural Background 
          The grand jury indicted Shaw on one count of aggravated sexual assault occurring
on or about January 19, 1997; two counts of indecency with a child occurring on or about
February 28, 1997; and two counts of indecency with a child occurring on or about
March 5, 1997, all involving the same alleged victim, J.B. See Tex. Pen. Code Ann.
§ 21.11 (Vernon 2003), § 22.021 (Vernon Supp. 2004). The State first tried Shaw before
a jury March 18, 1998, on the aggravated sexual assault charge, one of the February 28
indecency with a child counts, and one of the March 5 indecency with a child counts. 
Before trial, the State dismissed the other two counts of indecency with a child. The jury
acquitted Shaw of the two remaining counts of indecency with a child, but could not reach
a verdict on the aggravated sexual assault charge. The trial court declared a mistrial on
this charge. This appeal is from the second trial on the aggravated sexual assault charge. 
This second trial began February 23, 2001, after having been originally set for August 24,
1998. 
          In our original opinion, Shaw v. State, No. 06-01-00130-CR, 2002 Tex. App. LEXIS
4256 (Tex. App.–Texarkana June 14, 2002) (not designated for publication), we sustained
Shaw's first contention that the trial court erred in denying his motion for dismissal for
failure to provide a speedy trial. Finding that contention dispositive, we deemed it
unnecessary to address Shaw's other contentions and reversed and rendered a judgment
of acquittal. The State appealed our ruling, and in an opinion delivered October 15, 2003,
the Texas Court of Criminal Appeals reversed our judgment, holding that Shaw was not
denied his right to a speedy trial, and remanded the case to us so that we may address
Shaw's remaining contentions of error. Shaw v. State, No. 1539-02, 2003 Tex. Crim. App.
LEXIS 593 (Tex. Crim. App. Oct. 15, 2003).Background Facts
          The State presented evidence that, on January 19, Shaw attended J.B.'s brother's
birthday party at the home in which J.B. resided. Shaw left the party in the living room and
went down the hall to the bathroom. J.B., who was eight years old at the time of the
alleged offense, testified Shaw exited the bathroom, crossed the hall into her room,
removed her panties, and fondled and licked her vagina. J.B.'s parents, David
Boomer, Sr., and Bonnie Boomer, David Boomer, Jr., and Morgan Alewine all testified
Shaw left the party, went down the hall, and returned. The testimony differs as to how long
Shaw was gone. Morgan testified she saw Shaw go into the bathroom, but did not see him
go into J.B.'s bedroom. None of the other witnesses saw exactly where Shaw went, just
that he went down the hall. The State offered no scientific evidence or expert testimony.
Admissibility of Prior Charges  
          Shaw contends in his second point of error the trial court denied him his right of
confrontation under the United States and Texas Constitutions by granting the State's
motion in limine prohibiting Shaw from discussing the verdict of the first case. See U.S.
Const. amend. VI; Tex. Const. art. I, § 10. Before the start of the second trial, the State
filed a motion in limine requesting Shaw be prohibited from alluding to or mentioning he
had already been tried and acquitted of two counts of indecency with the complaining child,
J.B. The trial court held a hearing on the motion in limine just before trial began
February 16, 2001. At the hearing, the trial court stated, "I'm not going to rule at this time
on whether or not you will be allowed to go into the prior verdict on the impeachment of that
witness [J.B.] if she testifies." The trial court ruled on the motion in limine after the noon
recess before the jury returned, stating, "[I]t's the Court's ruling that he cannot go into the
acquittal. I don't find that that proves fabrication or that it's relevant for impeachment." 
          A ruling on a state's motion in limine that excludes defense evidence is subject to
reconsideration throughout trial, and to preserve error, an offer of the evidence must be
made at trial. Warner v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998); Fuller v. State,
827 S.W.2d 919, 929 n.10 (Tex. Crim. App. 1992). A review of the record shows Shaw
never attempted to admit the acquittal into evidence during J.B.'s testimony. By failing to
offer the evidence at trial, Shaw failed to preserve this point of error and it is overruled. 
Admissibility of the Note
          Shaw complains the trial court erred in admitting "the note" into evidence. The note
is a handwritten note, or diary entry, written by J.B. Shaw contends the note is
inadmissible hearsay and is not subject to any of the hearsay exceptions. "Hearsay" is a
statement, other than one made by the declarant while testifying at trial, offered in
evidence to prove the truth of the matter asserted. Tex. R. Evid. 801(d). The rules define
"statement" as "(1) an oral or written verbal expression or (2) nonverbal conduct of a
person, if it is intended by [that person] as a substitute for verbal expression." Tex. R. Evid.
801(a). The question presented here, then, is whether J.B.'s written note that Shaw licked
her vagina and touched her is a "statement" within the scope of Rule 801(d). Whether the
disputed testimony violates the hearsay prohibition necessarily turns on how strongly the
content of the out-of-court statement can be inferred from the context. Head v. State, 4
S.W.3d 258, 259 (Tex. Crim. App. 1999). At trial, the State argued for the admissibility of
the note, contending it was an outcry statement. On appeal, the State further contends the
statement is admissible under Rule 801(e)(1)(B): "A statement is not hearsay if: . . . [t]he
declarant testifies at the trial or hearing and is subject to cross-examination concerning the
statement, and the statement is: . . . (B) consistent with the declarant's testimony and is
offered to rebut an express or implied charge against the declarant of recent fabrication or
improper influence or motive." Tex. R. Evid. 801(e)(1)(B). 
          A trial court's ruling on the admissibility of evidence is subject to an abuse of
discretion standard on appeal. Duckett v. State, 797 S.W.2d 906, 910 (Tex. Crim. App.
1990), overruled on other grounds, Reyes v. State, 849 S.W.2d 812, 819 (Tex. Crim. App.
1993). An abuse of discretion will be found "only when the trial judge's decision was so
clearly wrong as to lie outside that zone within which reasonable persons might disagree." 
Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). Even if the trial court's
reason for its ruling is incorrect, the ruling will be upheld if it is permissible under any theory
applicable to the case. See Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990). 
          Although the State, at trial, did not attempt to admit this evidence under Rule
801(e)(1)(B), a trial court's decision will be sustained if it is correct on any theory of law
applicable to the case, especially with regard to the admission of evidence. Id. The State,
on appeal, contends the trial court properly admitted the evidence because Shaw
attempted to imply J.B.'s family was motivated not by justice, but by the prospect of
receiving money. To support this proposition, the State points to the testimony of
Marielena Alewine, who testified Bonnie, J.B.'s mother, had talked to her about the
prospect of getting money from Shaw or his family. Marielena was the defense's third
witness during the defense's case-in-chief. However, the State admitted this evidence
during the testimony of Linda Cullins-Craven, who was the second witness to testify at trial
during the State's case-in-chief. The trial court therefore admitted the evidence long before
any express or implied charge was made against J.B. of recent fabrication or improper
influence or motive. Clearly, the State did not admit this evidence to rebut any charges. 
This evidence does not qualify under Rule 801(e)(1)(B). 
          The reason proffered by the State at trial in support of the admission of this
evidence was that it constitutes an outcry statement. Texas Code of Criminal Procedure
Article 38.072 provides for the admission of out-of-court statements by sexual assault
victims under the age of twelve if the statement alleging the offense was made by a child
against whom the offense was allegedly committed and was made to the first person,
eighteen years of age or older, other than the defendant, to whom the child made a
statement about the offense. Shaw contends this note is not an outcry statement because
it was not made to "the first person, 18 years of age or older . . . ." Tex. Code Crim. Proc.
Ann. art. 38.072, § 2(a)(2) (Vernon Supp. 2004). Paul Rex, the investigating officer, 
testified "the mother had found [the note] in [J.B.'s] belongings." Bonnie testified she
found [the note] in my daughter's room on the floor. Sort of like a notebook,
day-planner that we had given [J.B.] that anything she needed to write down
or anything – and I had looked at it, and it had something about Jim was
licking her privates. And I wasn't for sure that it said that, so when I got [J.B.]
home, I asked her what it had said. And that's what she said that it had said.

J.B. testified she wrote the note after she told everybody. J.B. also testified she did not
give the note to her mother; rather, her mother found it. We hold that this note does not
qualify as an outcry statement under Article 38.072 because it was not made to a person
at all, let alone one eighteen or older. J.B. did not make the statement or write the
statement for anyone. She testified she did not give it to her mother; in fact, all the
evidence reveals her mother found it in J.B.'s room. The note constitutes a hearsay
statement that is not subject to admission under any exception. The trial court erred in
admitting the evidence.
          The admission of a statement that is hearsay is nonconstitutional error subject to
a harm analysis under Texas Rule of Appellate Procedure 44.2(b). Johnson v. State, 967
S.W.2d 410, 417 (Tex. Crim. App. 1998); Couchman v. State, 3 S.W.3d 155, 160 (Tex.
App.‒Fort Worth 1999, pet. ref'd). Nonconstitutional error "must be disregarded" unless
it affected the defendant's "substantial rights." Tex. R. App. P. 44.2(b). A defendant's
substantial rights are affected "when the error had a substantial and injurious effect or
influence in determining the jury's verdict." King v. State, 953 S.W.2d 266, 271 (Tex. Crim.
App. 1997). Because the note is highly specific and detailed, Shaw contends its prejudicial
effect is high and its probative value nil. Shaw also contends that, because J.B. testified
to the same exact things and because this case came down to a swearing match between
J.B. and Shaw, the note was cumulative. However, if the fact to which the hearsay relates
is sufficiently proved by other competent and unobjected-to evidence, as in the instant
case, the admission of the hearsay is properly deemed harmless and does not constitute
reversible error. Couchman, 3 S.W.3d at 160-61; see Anderson v. State, 717 S.W.2d 622,
628 (Tex. Crim. App. 1986). J.B. testified to the same facts as are in the note without
objection by Shaw, she testified independently about the night in question and read the
note at the request of the State without objection. Because the State sufficiently proved
the fact to which the hearsay relates by other competent and unobjected-to evidence
(J.B.'s testimony), we hold the admission of the hearsay constituted nonreversible error. 
Legal and Factual Sufficiency of the Evidence
          In Shaw's final two points of error, he contends the evidence was both legally and
factually insufficient to support the conviction. In our review of the legal sufficiency of the
evidence, we employ the standards set forth in Jackson v. Virginia, 443 U.S. 307, 319
(1979). This calls on the court to view the relevant evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In our review, we must evaluate all of the evidence in the record, both
direct and circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999). 
          In this case, the uncontroverted evidence is that, on the evening of January 19,
1997, Shaw left David, Jr.'s, birthday party and went down the hall which led to David, Jr.'s,
bedroom, J.B.'s bedroom, and the bathroom. Each witness testified Shaw was gone from
the living room for a different length of time, anywhere from three to forty minutes or so. 
The only testimony Shaw entered J.B.'s room came from J.B. Shaw testified he did not
enter her room. It is the province of the jury to decide the credibility of the witness. From
J.B.'s testimony, a rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Aggravated sexual assault includes intentionally or knowingly
causing the sexual organ of another person, without that person's consent, to contact the
mouth of another person. Tex. Pen. Code Ann. § 22.021(a)(1)(A)(iii). J.B. testified that
Shaw "put his mouth down on my privates" and that she told him to stop. J.B.'s mother
testified J.B. told her about this assault sometime in March or April following its occurrence
January 19, 1997.
          Tex. Code Crim. Proc. Ann. art. 38.07(a) (Vernon Supp. 2004) provides:
A conviction under Chapter 21, Section 22.011, or Section 22.021, Penal
Code, is supportable on the uncorroborated testimony of the victim of the
sexual offense if the victim informed any person, other than the defendant,
of the alleged offense within one year after the date on which the offense is
alleged to have occurred.

          The evidence is legally sufficient to support the verdict.
          A factual sufficiency review dictates that the evidence be viewed in a neutral light,
favoring neither party. Johnson, 23 S.W.3d at 6-7; see Clewis v. State, 922 S.W.2d 126,
129 (Tex. Crim. App. 1996). In determining the factual sufficiency of the evidence to
establish the elements of the offense, we view all the evidence in a neutral light and set
aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. Johnson, 23 S.W.3d at 6-7; Clewis, 922 S.W.2d at 129. 
          We set aside the verdict for factual insufficiency if (1) the evidence in support of a
vital fact, considered as standing alone, is factually too weak to support it, or (2) looking
at all the evidence, some evidence supports a positive inference and some supports a
negative inference, but the state's evidence is so weak as to make the finding against the
great weight and preponderance of the available evidence. Goodman v. State, 66 S.W.3d
283, 285-86 (Tex. Crim. App. 2001). Such a finding is described as being "manifestly
unjust," or "shocks the conscience," or "clearly demonstrates bias." Id. at 287.
          From the evidence, Shaw clearly had the opportunity to commit the act. Everyone
agrees he went down the hallway the evening in question, and no one but Shaw could
state he did not go into J.B.'s bedroom. Morgan and J.B. testified they saw Shaw enter the
bathroom, but Morgan did not see Shaw enter J.B.'s room or testify she saw him leave the
bathroom, only that he was gone around five minutes. This case turns on whether the jury
believed J.B. or Shaw. The credibility of a witness is an issue for the jury to decide. 
Solomon v. State, 49 S.W.3d 356, 362 (Tex. Crim. App. 2001). Conflicts in the evidence
are to be resolved by the jury. "What weight to give contradictory testimonial evidence is
within the sole province of the jury, because it turns on an evaluation of credibility and
demeanor." Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). The evidence
is factually sufficient to support the verdict. 
 

Summary and Conclusion
          The Texas Court of Criminal Appeals determined Shaw was not denied his right to
a speedy trial. We hold: 1) Shaw failed to preserve any error in the trial court's ruling that
the disposition of prior charges was not admissible evidence; 2) admitting into evidence a
note written by the alleged victim was harmless error; and 3) the evidence was both legally
and factually sufficient to support the conviction. 
          Accordingly, we affirm the judgment.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      November 19, 2003
Date Decided:         November 20, 2003

Publish