IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00218-CR

 

Christopher Garner,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 361st District Court

Brazos County, Texas

Trial Court No. 04-03224-CRF-361

 



MEMORANDUM  Opinion



 








            A jury convicted Christopher Garner of
aggravated robbery and the trial court sentenced him to sixteen years in prison. 
Garner’s appellate counsel filed an Anders brief.  See Anders
v. California,
386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  In response,
Garner filed a pro se brief presenting ten points of error.  We affirm.

FACTUAL BACKGROUND

            Donovan Mills and Garner entered the
Bryan Food Mart.  Mills drew a gun and ordered the store clerk, Junio Prayudi,
to empty the registers.  Garner pretended not to know Mills.  Mills completed
the robbery, left the store, and went to the College Station Police Department. 
He approached Officer Stephen DuBois and confessed to robbing the store.       

Mills testified that Garner helped plan the
robbery, helped choose which store to rob, and encouraged Mills to rob the
store.  Garner told Mills to pack extra clothes so they could burn what they
wore to the robbery.  He told Mills to hold the gun while Garner handled the
rest of the robbery.  They considered other stores before selecting Bryan Food
Mart.  Inside the store, Garner pretended not to know Mills.  After completing the
robbery, Mills said, “Come on, Chris.”  Garner responded, “Don’t even say my
name.”  Mills testified that while in jail, Garner offered him $300 to keep
quiet.    

STANDARD OF REVIEW

            In an Anders case, we
“always conduct an independent review of the record to determine whether there
are any arguable grounds for appeal.”  Villanueva v. State, 209 S.W.3d 239, 242-43 (Tex. App.—Waco 2006, no
pet.) (citing Stafford
v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991)).  “[I]f counsel in an Anders
brief or the appellant in a pro se response points out a potential issue, we
must determine whether it is arguable or frivolous.”  Id. at 242.  If
“arguable grounds” exist, we must “remand the cause to the trial court so that
new counsel may be appointed to brief the issues.”  Bledsoe
v. State, 178
S.W.3d 824, 827 (Tex. Crim. App. 2005); see Villanueva, 209 S.W.3d at 243.

ANALYSIS

Counsel presents one potential
issue addressing whether Mills’s
testimony as an accomplice witness was sufficiently corroborated.  Garner, acting pro se, presents several
points of error: (1) his written statement was improperly admitted; (2) certain
testimony by Detective Lance Matthews constitutes inadmissible hearsay; (3) the
court’s definition of “accomplice” was improper; (4) the State engaged in
improper jury argument (two points); (5) certain testimony by Sergeant Charles Peters
constitutes inadmissible hearsay; (6) evidence of extraneous offenses was
admitted (two points); (7) his conviction was based on inadmissible hearsay,
speculation, and extraneous evidence; and (8) the court’s “deadly weapon” finding
is improper.

Accomplice Witness Testimony

A conviction cannot be had upon the testimony of
an accomplice unless corroborated by other evidence tending to connect the
defendant with the offense committed; and the corroboration is not sufficient
if it merely shows the commission of the offense.

 

Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005).  

In conducting our sufficiency
review, we “eliminate the
accomplice testimony from consideration and then examine the
remaining portions of the record to see if there is any evidence that tends to
connect the accused with the commission of the crime.”  Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim.
App. 2001); Hardie v. State, 79 S.W.3d 625, 630 (Tex. App.—Waco 2002,
pet. ref’d).  “While the accused’s mere
presence in the company of the accomplice before, during, and after the
commission of the offense is insufficient by itself to corroborate accomplice
testimony, evidence of such presence, coupled with other suspicious
circumstances, may tend to connect the accused to the offense.”  Dowthitt v. State, 931 S.W.2d 244, 249 (Tex. Crim.
App. 1996).  “Even
apparently insignificant incriminating circumstances may sometimes afford
satisfactory evidence of corroboration.”  Id.

The record contains sufficient non-accomplice evidence
tending to connect Garner to the robbery.  Prayudi testified that Mills and
Garner entered the store together and appeared to be together.  According to Sergeant
Peters, the surveillance tapes show Garner and Mills entering the store at virtually
the same time.  Garner provided Officer David Blackburn with a written
statement placing him at the scene.  Mills’s girlfriend, Jessica Leaming,
testified that Garner told her that Mills was in jail for robbery.  Garner also
told Leaming that Mills and he had been together and driving around Old Hearne Road where the Bryan Food Mart is located.  This evidence places Garner “in the company of the accomplice
[Mills] at or near the time or place of the offense.”  McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim.
App. 1997).

Furthermore, the record contains evidence of
“other suspicious circumstances.”  Dowthitt, 931 S.W.2d at 249.  The surveillance tapes indicate that Garner acted suspiciously during
the robbery.  Peters observed Garner enter the store with Mills, hold up his
hands when Mills drew the gun, lower his hands, and then walk around the store
sometimes following behind Mills.  Peters found this unusual because most
people drop down, freeze, or attempt to escape.  Officer Dennis Thane observed
Mills call Garner by his first name and noticed that Garner (1) could have
easily run out of the store, but did not do so; (2) attempted to conceal his
face when he noticed the store video camera; (3) sometimes followed behind
Mills; and (4) appeared to be looking around to see if anyone else was in the
store.  Based on Garner’s conduct and the fact that he knows Mills, Thane
concluded that Garner participated in the robbery.

Accordingly, the “combined
cumulative weight” of the non-accomplice evidence sufficiently tends to connect
Garner to the robbery in satisfaction of Article 38.14.  Gosch v. State, 829 S.W.2d 775, 777 (Tex. Crim.
App. 1991); see McDuff, 939 S.W.2d at 613; see also
Dowthitt, 931 S.W.2d at 249.  We
agree with Garner’s counsel that this is not an issue that might arguably support
an appeal.

Written Statement

In his first pro se point, Garner
argues that the trial court erred by allowing the State to introduce his
written statement into evidence, which the
State then used during its examination of Officer Blackburn.  The statement provides:

White
male 5.8 dress with a yellow shirt with brown black pants.  And it look like he
was holding a black BB gun.

 

Garner objected that the
statement was not produced in discovery, which the State denied.  The court
overruled this objection.  Nevertheless, Officer Blackburn had previously testified
to Garner’s account of the robbery:

He simply stated that he saw a white male,
approximately 5’8’’, wearing a yellow shirt, brown jeans -- brown and black
jeans with possibly a black BB gun.

 

After the statement was admitted,
 Blackburn again testified to what Garner said in his statement:

He wrote as follows: White mail, 5.8, dressed with
a yellow shirt with brown/black pants, and it looked like he was holding a
black BB gun.

 

Garner did not object to Blackburn’s testimony.

“An error [if any] in the
admission of evidence is cured where the same evidence comes in elsewhere without objection.” 
Lane v. State, 151 S.W.3d 188, 193 (Tex. Crim.
App. 2004); see Roberson v. State, 100 S.W.3d 36, 40 (Tex. App.—Waco
2002, pet. ref’d).  In light of Blackburn’s unobjected to testimony, any error
in admitting Garner’s
statement was harmless.  See Lane, 151 S.W.3d at 193; see also Roberson, 100 S.W.3d at 40.    

Testimony of Detective Lance
Matthews

Garner’s second point challenges Detective
Matthews’s testimony as hearsay.  Matthews testified that Peters spoke with
Barry Thomas on the day Garner was interviewed.    

STATE: And did he, Barry, confirm
the defendant’s alibi?

DEFENSE COUNSEL: Hearsay.

COURT: Objection is overruled.

STATE: Did Barry confirm his
alibi?

MATTHEWS: No, he did not.

            Thomas previously testified,
without objection, that he did not drive Garner to the store on the day of the
robbery.  Peters had also testified, without objection, to his conversation
with Thomas.  Matthews’s testimony merely reiterated facts to which both Thomas
and Peters had already testified.  “If the fact to
which the hearsay
relates is sufficiently proved by other competent and unobjected to evidence, as in
the instant case, the admission of the hearsay is properly deemed harmless and
does not constitute reversible error.”  Anderson v. State, 717 S.W.2d 622, 627 (Tex.
Crim. App. 1986); Shaw v. State, 122 S.W.3d 358, 364 (Tex.
App.—Texarkana 2003, no pet.); see Lane, 151 S.W.3d at 193.
 Any
error in admitting Matthews’s testimony was harmless.  See Anderson, 717 S.W.2d
at 627.

Jury Instruction

            In Garner’s third
point, he takes issue with the following jury instruction:

You are instructed that an “accomplice,” as the
term is here used, means anyone connected with the crime charged, as a party
thereto, and includes all persons who are connected with the crime by unlawful
act or omission on their part transpiring either before or during the
time of the commission of the offense, and whether or not they were present and
participated in the commission of the crime.  

 

(emphasis added).  The court
overruled Garner’s objection to the term “omission.”  

An accomplice “participates with
a defendant before, during, or after the commission of the crime and acts with
the requisite culpable mental state.”  Cocke v. State, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006); Johnson
v. State, No.
08-05-00165-CR, 2007
 Tex. App. Lexis 1081, at *22 (Tex. App.—El Paso Feb. 15, 2007, no pet.).  Participation includes an “affirmative
act or omission”
that “promotes the commission of the offense with which the defendant is
charged.”  Blake
v. State, 971
S.W.2d 451, 454 (Tex. Crim. App. 1998); Cocke, 201 S.W.3d at 748; Johnson,
2007 Tex. App. Lexis 1081, at *22.  The court’s definition comports with this meaning of
“accomplice” and is a proper
accomplice-witness instruction.  See Hardie, 79 S.W.3d at 629.

Improper Jury Argument

                In his fourth and fifth points,
Garner complains of improper jury argument.  Garner did not object to the
specific statements that he challenges and has failed to preserve his complaint
for appeal.  See Tex. R. App. P. 33.1(a); see also Bible v. State, 162 S.W.3d 234, 248 (Tex. Crim.
App. 2005); Threadgill
v. State, 146
S.W.3d 654, 667 (Tex. Crim. App. 2004).

Testimony of Sergeant Charles
Peters

            Garner’s sixth point
challenges three portions of Peters’s testimony as hearsay.  

STATE: Okay.  And -- I just want to back up for
one second.  In that first interview, did the defendant ever make a statement
that Donovan was trying to say that he, Mr. Garner, helped him rob the store?

 

PETERS: Yes, sir.  He made a statement that
indicated the defendant here -- if you’ll give me just a minute.

 

DEFENSE COUNSEL: Judge, I ask that he testify from
his own recollection and not read from a report.

 

COURT: Well, you’re going to get to look at
whatever he’s reviewing.

 

DEFENSE COUNSEL: Okay.  Yes, sir.  

 

Because Garner did not object to this testimony as
hearsay, his objection does
not comport with his complaint on appeal.  See Wilson
v. State, 71
S.W.3d 346, 349 (Tex. Crim. App. 2002); see also Rezac
v. State, 782
S.W.2d 869, 870 (Tex. Crim. App. 1990).

            Peters also addressed
whether Mills explained Garner’s role in the robbery: 

PETERS: They will.  He indicated that they had
rode over to the store together and that Mr. Garner had said something about
knowing places where he could get some money.  And when I asked Mr. Mills about
what he meant by “getting money,” he said that he meant robbing the place.  

 

STATE: Okay. Did he say anything else about Mr.
Garner’s involvement in terms of the actual job that they were supposed to do,
the duties that each one had, or how he was supposed to discard of his clothes?

 

PETERS: He indicated that Mr. Garner had said that
he knew some folks -- 

 

DEFENSE COUNSEL: I object to hearsay at this
point, if we’re going to have the actual witness to testify to what that person
said.

 

STATE: Your Honor, under 803, statement against
interest, the statement by the declarant is admissible not only against the
declarant but against any coconspirator.

 

COURT: Objection overruled.

 

            STATE: You can go ahead.

            

PETERS: He indicated that he knew some folks that
were doing -- had done some other robberies.  And he said that you could -- all
you had to do was take and act like nothing happened and get rid of your
clothes and everything.

             

Garner contends that this
testimony constitutes hearsay, introduced evidence of extraneous acts, and
violates the Confrontation Clause.  Garner has not preserved his extraneous
offense or Confrontation Clause complaints.  See Camacho v. State, 864 S.W.2d 524, 533 (Tex. Crim.
App. 1993) (Rule 404 objection required to preserve extraneous offense
complaint); see
also Reyna v. State,
168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (hearsay objection does not
preserve complaint for Confrontation Clause claim).

Mills later testified to similar
facts, without objection.  The State asked Mills whether Garner had thought of
a “better way to get money,” to which Mills responded, “robbing a store.” 
Mills testified that Garner told him to burn his clothes in order to get away
with the robbery and that Garner mentioned that someone he knew committed robbery
without getting caught.  In light of Mills’s unobjected to testimony, any error
in admitting Peters’s testimony would be harmless.  See Anderson, 717 S.W.2d at
627; see also Lane, 151 S.W.3d at 193; Shaw,
122 S.W.3d at 364.

Finally,
Garner complains of one other portion of Peters’s testimony.  However, he did not object to this
testimony; thus, no complaint is preserved.  See Tex. R. App. P. 33.1(a); see also Tucker
v. State, 990 S.W.2d
261, 262 (Tex. Crim. App. 1999).

Extraneous Offenses

            Garner’s seventh and
eighth points challenge portions of Mills’s testimony as extraneous offense
evidence.  Mills testified that Garner offered him $300 to keep his “mouth
shut,” that he and Garner were “smoking some drugs” on the day of the robbery,
and that they sometimes “smoke weed, drink some beer, hang out.”  However,
Garner did not object to this testimony; thus, no complaint is preserved.  See
Tex. R. App. P. 33.1(a); see also Medina v. State, 7 S.W.3d 633, 643 (Tex. Crim.
App. 1999); Tucker, 990 S.W.2d at 262.

Hearsay, Speculation, and
Extraneous Offenses

Garner’s ninth point lists over
fifty citations to the record, complaining that his conviction was obtained by inadmissible
hearsay, speculation, extraneous offense evidence, and uncorroborated accomplice
witness testimony.[1] 
Much of this testimony was elicited by Garner’s own counsel.  Of the objected
to testimony, the court sustained one objection and we addressed the other in
Garner’s sixth point.  Garner lodged no objections to the remaining testimony;
his complaint is not preserved.  See Tex. R. App. P. 33.1(a); see also Medina, 7 S.W.3d at 643; Tucker,
990 S.W.2d at 262.

 

Deadly Weapon Finding

            Garner’s tenth point contends
that the evidence is insufficient to show that he used or exhibited a firearm
or knew that a firearm would be used; thus, the court erred by making an
affirmative deadly weapon finding. [2]

             “[W]hen there is an ‘affirmative finding’ by the
fact-finder that during the offense, ‘the defendant used or exhibited [a]
deadly weapon or was a party to the offense and knew that a deadly weapon would
be used or exhibited,’ the trial court must enter that finding in the judgment,
and if the deadly weapon is a firearm, that fact shall also be entered.”  Parker v. State, 119 S.W.3d 350, 358 (Tex.
App.—Waco 2003, pet. ref’d) (quoting Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2) (Vernon 2006)). 
If a jury is the finder of fact, the trial court may enter an affirmative
finding on the use of a deadly weapon where: (1) the indictment includes an
allegation of a “deadly weapon,” and the verdict states the defendant is guilty
as charged in the indictment; (2) the indictment does not allege “deadly
weapon,” but does allege a weapon that is a deadly weapon by design, and
the verdict states the defendant is guilty as charged in the indictment; or (3)
the jury has affirmatively answered a special charge issue on “deadly weapon”
use or exhibition.  Id. (quoting LaFleur
v. State, 106
S.W.3d 91, 95 (Tex. Crim. App. 2003); Polk v.
State, 693
S.W.2d 391, 396 (Tex. Crim. App. 1985)).

               The indictment
alleges that Garner committed aggravated robbery by using or exhibiting a
deadly weapon, “to wit-a firearm.”  The court instructed the jury that an
aggravated robbery is one committed by a person who “uses or exhibits a deadly
weapon.”  The court also instructed the jury on the law of the parties.  The application
paragraph instructed that Garner could be found guilty of aggravated robbery if
he possessed the
requisite intent and conduct.  The jury found Garner “guilty of the offense of Aggravated Robbery as
charged in the indictment.”  Thus, it essentially found that Garner was a party to the robbery and
knew a deadly weapon would be used during the robbery.  Accordingly, “the jury
necessarily made the factual finding to support the entry of an affirmative
finding of the use or exhibition of a deadly weapon upon the judgment.”  Sarmiento v. State, 93 S.W.3d 566, 570 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d);
see Bell v. State, 169 S.W.3d 384, 398-99 (Tex.
App.—Fort Worth 2005, pet. ref’d).  The court did not err in entering the
affirmative finding in the judgment.  See id; see also Parker, 119 S.W.3d at 358-59.

In summary, having addressed each
of Garner’s ten
points of error, we
find that Garner has not presented any issues of arguable merit.  See Bledsoe, 178 S.W.3d at 827; see
also Villanueva, 209 S.W.3d at 243.

Independent Review

We have conducted an independent
review of the record to determine whether any other arguable grounds for appeal
exist. 
The record contains several
objections lodged by Garner, none of which give rise to any issues of arguable
merit.  Accordingly, we agree with counsel that Garner’s appeal presents no
issues of arguable merit.  Counsel must advise Garner of the disposition of
this appeal and of his right to file a pro se petition for discretionary
review.  See
Villanueva, 209
S.W.3d at 249; see also Meza v. State, 206 S.W.3d 684, 689 (Tex.
Crim. App. 2006).  We
grant counsel’s motion to withdraw as Garner’s appellate counsel, effective
upon his notifying Garner of our decision and of his right to file a pro se
petition for discretionary review. 
See
Villanueva, 209
S.W.3d at 249; see also Meza, 206 S.W.3d at 689.

The judgment is affirmed.
   

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Affirmed

Opinion delivered and
filed May 30, 2007

Do not publish

[CR25]









[1]               Although Garner
states his ninth point as “the trial court erred when it failed to protect the
Defendant’s Sixth Amendment right to effect assistance of counsel,” the
substance of his argument does not address this claim.

 





[2]               Garner’s tenth point states that
“the trial court erred in its instruction to the jury in regard to the ‘use’ of
a deadly weapon; necessary elements weren’t proven.”  However, the substance of
his argument addresses the court’s authority to enter the finding.