

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00092-CR

Wayne Lee **HORTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B15406
Honorable Stephen B. Ables, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:     Karen Angelini, Justice
             Marialyn Barnard, Justice
             Rebeca C. Martinez, Justice

Delivered and Filed: January 11, 2017

AFFIRMED

Wayne Lee Horton appeals his conviction for family violence assault (enhanced). We affirm the trial court's judgment.

### BACKGROUND

Horton was charged with assault against his wife, a member of his family as designated by Family Code section 71.003. *See* TEX. PENAL CODE ANN. § 22.01(a), (b)(2)(A) (West Supp. 2016); *see also* TEX. FAM. CODE ANN. § 71.003 (West 2014). The indictment alleged that, on or about November 11, 2014, Horton "did . . . intentionally and knowingly cause bodily injury to Stephanie

Anne Horton, a member of the Defendant's family . . . by striking her on her face and nose." The indictment further alleged that Horton was previously convicted of the offense of "Family Violence Assault (Enh.)," as well as two felony DWI offenses. Horton pled not guilty.

Prior to trial, the complainant, Horton's wife, signed a non-prosecution statement and refused to cooperate when the prosecutor declined to drop the charges. At trial, the State's main witness was Stephanie's ten-year old daughter, K.W., who testified that she saw Horton hit her mother in the face and nose. In addition, three administrators at K.W.'s school testified that K.W. told them she "saw her stepdad hit her mom," and "saw [her] stepdad slap [her] mom across the face." The State also presented expert testimony on the dynamics of domestic violence. Horton did not testify, but presented the testimony of an officer who investigated a claim by K.W. that she was not receiving her insulin at home; he found the allegation untrue and closed the case. Horton stipulated to his prior conviction for family violence assault. The jury found Horton guilty. Horton pled true to the enhancements and was sentenced to 35 years' imprisonment. Horton now appeals.

## ANALYSIS

On appeal, Horton argues the trial court erred in admitting "backdoor hearsay" and in permitting testimony that violated his Sixth Amendment confrontation right.

### *Hearsay*

During direct examination by the State, K.W. testified as follows:

Q:    Do you remember a time about this time last year where you went in and you saw Nurse Jane and Ms. Wallace?

A:    Yes.

\*\*\*

Q:    Were you pretty upset?

A:    Yes.

Q:      Can you tell the jury, did you see something happen?

A:      Yes, sir.

Q:      Can you tell the jury what you saw?

A:      I saw my stepdad hit my mom.

***

Q:      Where did your stepdad hit your mom?

A:      Everywhere.

Q:      Did he hit her in the face?

A:      Yes.

Q:      Did he hit her in the nose?

A:      Yes.

***

Q:      Did it make your momma cry?

A:      Yes.

K.W. continued testifying, giving her mother's name and her stepdad's name, identifying Horton in court, and stating the city where they lived at the time.

During defense counsel's cross-examination of K.W., the following occurred:

Q:      Okay.  And so when you told us earlier that you saw Wayne hit your mom in the face, what were you doing?

A:      I was outside.  And when I walked in, my mom was crying, and I asked her what happened, and she —

Defense Counsel:      Objection, hearsay.

The Court:      Overruled.

After the trial court overruled Horton's hearsay objection, there was no further testimony about what K.W.'s mother may have told her; the questioning shifted back to K.W. playing outside.

Horton contends the trial court abused its discretion in overruling his hearsay objection because K.W.'s testimony indirectly revealed to the jury what her mother told her without repeating the words verbatim, and thus amounted to "backdoor hearsay." Horton cites no legal authority to support his backdoor hearsay argument, and has therefore inadequately briefed this issue. TEX. R. APP. P. 38.1(i); *Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000). Even if the issue were properly presented, the record shows that no hearsay statement, either direct or indirect, was admitted immediately before or after the objection. *See* TEX. R. EVID. 801(d) (defining hearsay as an out-of-court statement offered into evidence to prove the truth of the matter asserted); *see Hajjar v. State*, 176 S.W.3d 554, 564 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (holding "no hearsay evidence was directly or indirectly admitted because *what* the appellant's son had revealed to [the investigating officer] was never introduced into evidence . . . ."). Backdoor hearsay consists of a "question *and answer*" that presents the jury with information from unsworn, out-of-court sources. *Id.* Here, no answer revealing the contents of her mother's statement was given by K.W. at that time. *See Head v. State*, 4 S.W.3d 258, 262 (Tex. Crim. App. 1999) (when determining whether evidence indirectly conveys the contents of an out-of-court statement so as to constitute backdoor hearsay, the reviewing court limits itself to the state of the evidence at the time the trial court made the ruling on admissibility; the trial court cannot be asked to speculate on what evidence may be introduced later). Finally, any error was rendered harmless by Horton's subsequent elicitation of the contents of the same out-of-court statement when he later asked K.W., "So is it possible that you didn't see Mr. Wayne hit your mom and its [sic] just what your mom told you?" and K.W. answered, "Yes, and I believe my mom." *See Lane v. State*, 151 S.W.3d 188, 193 (Tex. Crim. App. 2004) (error in the admission of evidence is cured where the same evidence is admitted later without objection); *see also Shaw v. State*, 122 S.W.3d 358, 364 (Tex. App.—Texarkana 2003, no pet.) (if the fact to which the hearsay

relates is sufficiently proved by other competent and unobjected-to evidence, the admission of the hearsay is harmless).

### *Confrontation Right*

As noted in part above, the following exchange occurred during Horton's cross-examination of K.W.:

Q:      Okay. So is it possible that your mom told you something that happened?

A:      Yes.  That was another day when I saw it.

Q:      We are just going to talk about that day, okay?  So is it possible that you didn't see Mr. Wayne hit your mom and it's just what your mom told you?

A:      Yes, and I believe my mom.

Horton asserts that the last question and answer quoted above amounted to a violation of his Sixth Amendment confrontation right because he was deprived of the opportunity to cross-examine Stephanie Horton concerning what she told K.W.  U.S. CONST. amend. VI.  Horton contends K.W.'s answer violated *Crawford* because the out-of-court statement by Stephanie Horton was testimonial in nature, she was unavailable to testify, and he did not have a prior opportunity to cross-examine Stephanie.  *See Crawford v. Washington*, 541 U.S. 36, 68 (2004).  However, Horton himself elicited the complained-of testimony and failed to preserve any error by objection in the trial court.  *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (claim of Confrontation Clause violation must be preserved by trial court objection); *see also* TEX. R. APP. P. 33.1(a).  Therefore, nothing is presented for our review.

Based on the foregoing analysis, we overrule Horton's issues on appeal and affirm the trial court's judgment.

Rebeca C. Martinez, Justice

DO NOT PUBLISH