

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00709-CR

Shareda Hope **RAWLS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 7737
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:     Beth Watkins, Justice

Sitting:        Beth Watkins, Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: February 7, 2024

AFFIRMED

Appellant Shareda Hope Rawls challenges her conviction for sexual assault. We affirm the trial court's judgment.

### BACKGROUND

In July of 2020, Rawls was indicted for the sexual assault of H.S., a 16-year-old resident of a juvenile facility where Rawls worked. Rawls did not dispute that she had sex with H.S., but she argued she was not guilty of sexual assault because H.S. raped her. After hearing the evidence, including testimony from H.S., a Kendall County jury found Rawls guilty as charged and

recommended that she be placed on community supervision. The trial court signed a judgment of conviction consistent with the jury's verdict. Rawls filed a motion for new trial, which the trial court denied in a written order. Rawls then timely filed this appeal.

## ANALYSIS

On appeal, Rawls argues: (1) her trial counsel provided ineffective assistance of counsel during a pre-trial motion to suppress hearing; and (2) she was denied her constitutional right to confront witnesses against her because the trial court did not permit her to impeach H.S.'s testimony with evidence of his juvenile record.

### *Ineffective Assistance of Counsel*

#### *Standard of Review and Applicable Law*

We review claims of ineffective assistance of counsel under a two-pronged test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). On the first prong, Rawls must show her trial counsel's representation was so deficient "that no reasonable trial strategy could justify trial counsel's acts or omissions[.]" *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). On the second prong, she "must show a reasonable probability that, but for [her] counsel's unprofessional errors, the result of the proceeding would have been different." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).

Our review of trial counsel's performance "is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone*, 77 S.W.3d at 833. The alleged ineffectiveness "must be firmly founded in the record[.]" *Thompson*, 9 S.W.3d at 813. Where the record is silent as to the reasons for trial counsel's conduct, he is entitled to "the benefit of the doubt," and we must assume that he "had a strategy if any reasonably sound strategic motivation can be imagined." *Johnson v. State*, 624 S.W.3d 579, 586 (Tex. Crim.

App. 2021). We do not examine "isolated acts or omissions," but instead analyze trial counsel's performance "in light of the totality of the representation[.]" *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004) (internal quotation marks omitted).

The record in a direct appeal typically will not be sufficiently developed to support an ineffective assistance claim because it will not show the reasons for trial counsel's challenged actions. *See id.* at 510. As a result, ineffective assistance claims are generally unsuccessful "on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Lopez*, 343 S.W.3d at 143. If trial counsel has not had an opportunity to explain his actions, we "should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (internal quotation marks omitted). "The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel." *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012).

*Application*

Rawls's ineffective assistance claim focuses on her pre-trial motion to suppress evidence of her statements to law enforcement. During the hearing on the motion to suppress, Rawls's trial counsel played a video of the interview in which Rawls made the statements at issue. He argued that while the video appeared to show that Rawls admitted to having consensual sex with H.S., it also showed she did not understand the questions she was asked and that her statements "were not freely or voluntarily made. They were made out of compulsion." He additionally argued that Rawls's purported confession was induced by promises that she would not be arrested.

Rawls contends the record shows her trial counsel did not adequately prepare for the suppression hearing. She notes, for example, that while her written motion to suppress argued her statements to law enforcement were the result of custodial interrogation, her trial counsel "made

no mention [of] custodial interrogation" during the hearing and "instead switch[ed] the argument to false confessions." She also complains that her trial counsel did not call any expert witnesses on false confessions or the law enforcement officer who conducted the interview. She contends this record shows her trial counsel did not thoroughly consider each potential suppression argument before deciding which argument to rely upon during the hearing.

Rawls's trial counsel has not had an opportunity to explain the reasons for his challenged actions. Accordingly, we may not conclude his performance was deficient unless the record shows his "conduct was so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392 (internal quotation marks omitted). After reviewing the record, we conclude it is not sufficiently developed to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted); *Johnson*, 624 S.W.3d at 586. Accordingly, Rawls has not met her burden on the first prong of *Strickland*. *See Strickland*, 466 U.S. at 687. We therefore need not consider whether she established prejudice under the second prong of *Strickland*. TEX. R. APP. P. 47.1; *Lopez*, 343 S.W.3d at 144.

### *Confrontation Clause*

In her second issue, Rawls argues the trial court violated her rights under the Sixth Amendment's Confrontation Clause because it did not permit her to impeach H.S.'s testimony with evidence of the specific charges in his juvenile record. Rawls contends those charges "clearly show[] that [H.S.] has a tendency to force things that he wants" and thus would have supported her defensive theory that he raped her. The State responds that Rawls has not preserved this issue for our review.

To preserve an issue for appellate review, the complaining party must show: (1) she made a sufficiently specific and procedurally proper request, objection, or motion in the trial court; and

(2) the trial court either ruled on the request or refused to rule and the complaining party objected to the refusal to rule. TEX. R. APP. P. 33.1(a). Because a pre-trial ruling on a motion in limine does not admit or exclude evidence, a ruling on such a motion does not preserve error for appellate review. *Thierry v. State*, 288 S.W.3d 80, 86–87 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). To preserve a complaint about a ruling on a motion in limine, an appellant must show that she offered the evidence during the trial on the merits. *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998) (per curiam); *see also Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004) (pre-trial Confrontation Clause objection must also be asserted during trial on the merits to preserve error).

Here, the State filed a pre-trial motion in limine that sought to prohibit Rawls from making "[a]ny reference to any juvenile records of [H.S.]" without first approaching the bench. During a pre-trial hearing, Rawls opposed the State's motion and argued that evidence of H.S.'s juvenile record, including the specific charges against him, was admissible because it was relevant "to uncover [H.S.'s] motive, bias, as well as for his propensity for violence." The trial court granted the State's motion in limine as to this issue.

During the trial on the merits, Rawls did not offer evidence about the charges listed in H.S.'s juvenile record. *See Warner*, 969 S.W.2d at 2; *Leyba v. State*, 416 S.W.3d 563, 574–75 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *see also* TEX. R. APP. P. 33.1(a)(1)(A) (objection or request must be specific enough "to make the trial court aware of the complaint"). Instead, she attempted to introduce other evidence regarding H.S.'s purported propensity for violence—specifically, testimony that at the time of trial, H.S. was housed in a facility reserved for the most violent juvenile offenders. When the trial court indicated that it believed evidence about H.S.'s current facility fell within its limine ruling, Rawls told the court she wished to offer that evidence "without getting into the adjudications or anything like that[.]" She did not argue

that the trial court's ruling violated her rights under the Confrontation Clause. *See Paredes*, 129 S.W.3d at 535. Based on this record, we must conclude Rawls has not preserved her second issue for appellate review. *See Leyba*, 416 S.W.3d at 574–75; *Shaw v. State*, 122 S.W.3d 358, 362 (Tex. App.—Texarkana 2003, no pet.) (pre-trial ruling on motion in limine did not preserve Confrontation Clause argument for appellate review).

**CONCLUSION**

We affirm the trial court's judgment.

Beth Watkins, Justice

DO NOT PUBLISH