IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00017-CR

 

Samuel Loy Graham, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the County Court
at Law No. 1

Brazos County, Texas

Trial Court No. 05-02232-CRM-CCL1

 



MEMORANDUM  Opinion



 








A jury found Samuel
Loy Graham, Jr. guilty of possession of marijuana in an amount less than two
ounces.  The trial court sentenced Graham to 180 days in jail and a $2,000
fine, with the sentence being suspended for one year of community supervision and
$1,500 of the fine probated.

Graham’s appellate
counsel filed an Anders brief presenting two potential issues that he
determined are without merit.  See Anders
v. California,
386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Although
informed of his right to do so, Graham did not file a pro se brief or
response.  The State did not file a brief.  We will affirm.

In an Anders case, we must, “after a full examination of
all the proceedings, [] decide whether the case is wholly frivolous.”  Anders, 386 U.S. at 744, 87 S.Ct. at 1400;
accord Stafford v. State, 813 S.W.2d 503, 509-11 (Tex.
Crim. App. 1991); Coronado v. State, 996 S.W.2d 283, 285 (Tex. App.—Waco
1999, order) (per curiam), disp. on merits, 25 S.W.3d 806 (Tex. App.—Waco
2000, pet. ref’d); see generally Villanueva v. State, 209
S.W.3d 239, 243-44 (Tex. App.—Waco 2006, no pet.).  An appeal is “wholly frivolous”
or “without merit” when it “lacks any basis in law or fact.”  McCoy v. Court of Appeals, 486 U.S. 429, 439 n.10, 108 S.Ct.
1895, 1902 n.10, 100 L.Ed.2d 440 (1988).  Arguments are frivolous if
they “cannot conceivably persuade the court.”  Id. at 426, 108 S.Ct. at
1901.  An appeal is not frivolous if based on “arguable grounds.”  Stafford,
813 S.W.2d at 511.

Appellate counsel first addresses
whether the evidence is legally and factually sufficient to support the
conviction and concludes that it is sufficient.  When reviewing a challenge to the legal sufficiency of the
evidence to establish the elements of a penal offense, we must determine
whether, after viewing all the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Adelman v. State, 828
S.W.2d 418, 422 (Tex. Crim. App. 1992).  Any inconsistencies in the evidence
are resolved in favor of the verdict.  Curry v. State, 30 S.W.3d 394,
406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we ask
whether a neutral review of all the evidence, though legally sufficient,
demonstrates either that the proof of guilt is so weak or that conflicting
evidence is so strong as to render the factfinder’s verdict clearly wrong and
manifestly unjust.  Watson v. State, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). 
“The court reviews the evidence weighed by the jury that tends to prove the
existence of the elemental fact in dispute and compares it with the evidence
that tends to disprove that fact.”  Johnson, 23 S.W.3d at 7.

The State was required to prove beyond a
reasonable doubt that Graham knowingly or intentionally possessed a usable
quantity of marijuana in an amount of two ounces or less.  See Tex. Health & Safety Code Ann. §
481.121 (Vernon 2003).  The Court of Criminal Appeals has provided the
following explanation for the “so-called ‘affirmative links’ rule”:

[I]n a possession of a controlled
substance prosecution, “the State must prove that: (1) the accused exercised
control, management, or care over the substance; and (2) the accused knew the
matter possessed was contraband.”  Regardless of whether the evidence is direct
or circumstantial, it must establish that the defendant’s connection with the
drug was more than fortuitous.  This is the so-called “affirmative links” rule
which protects the innocent bystander—a relative, friend, or even stranger to
the actual possessor—from conviction merely because of his fortuitous proximity
to someone else’s drugs.  Mere presence at the location where drugs are found
is thus insufficient, by itself, to establish actual care, custody, or control
of those drugs.  However, presence or proximity, when combined with other
evidence, either direct or circumstantial (e.g., “links”), may well be
sufficient to establish that element beyond a reasonable doubt.  It is, as the
court of appeals correctly noted, not the number of links that is dispositive,
but rather the logical force of all of the evidence, direct and circumstantial.

 

Evans
v. State, 202 S.W.3d 158, 161-62 (Tex. Crim. App. 2006) (quoting Evans
v. State, 185 S.W.3d 30, 34 (Tex. App.—San Antonio 2005)) (footnotes
omitted).  Thus, there must be direct or circumstantial evidence establishing
that Graham exercised control, management, or care over the controlled
substance and knew it was contraband.  See id. at 161-62.

The
evidence showed that Bryan police officers were attempting to serve warrants on
a person who, according to an anonymous tip, was at Graham’s residence.  After
the officers knocked, a small child opened the door.  Sergeant Thane testified
that he immediately noticed the odor of burnt marijuana.  Although Graham
refused consent for the officers to enter and search the residence, they
entered and found a half-smoked marijuana cigar on the entertainment center. 
Sergeant Thane said that Graham admitted that the marijuana cigar was his.  At
trial, Graham testified that the marijuana did not belong to him, but he
admitted that it was in his home and that he had admitted to the officers that
it belonged to him.

We agree with counsel that sufficiency
of the evidence is not an issue that might arguably support an appeal.

Graham’s appointed counsel next
addresses whether prosecutorial misconduct caused reversible error.  During
Sergeant Thane’s testimony, the prosecutor asked the trial judge if she could
“have just a moment to inform the officer of a needed fact” and that she needed
to “take him outside for a second.”  Graham’s trial attorney did not object to
this action, and the record does not indicate what the conversation was between
the prosecutor and witness.  Prosecutorial misconduct must be preserved by a
timely objection for appellate review.  See Tex. R. App. P. 33.1(a); Perkins v. State, 902 S.W.2d
88, 96 (Tex. App.—El Paso 1995, no pet.).  Because the possible misconduct was
not preserved, we agree with counsel that it is not an issue that might
arguably support an appeal.

We have also conducted
an independent review of the record, and because we find this appeal to be
wholly frivolous,[1]
we affirm the judgment.  Counsel must send Graham a copy of our
decision by certified mail, return receipt requested, at Graham’s last known
address.  Tex. R.
App. P. 48.4. 
Counsel must also notify
Graham of his right to file a pro se petition for discretionary review.  Id.; see
also Ex parte Owens, 206 S.W.3d 670, 673-74 (Tex.
Crim. App. 2006); Villanueva, 209 S.W.3d at 249. 
We grant counsel’s motion to withdraw, effective upon counsel’s compliance with
the aforementioned notification requirement as evidenced by “a letter [to this
Court] certifying his compliance.”  See Tex. R.
App. P. 48.4.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

(Chief Justice Gray concurs in the
judgment to the extent it grants the motion to withdraw and affirms the
judgment of the trial court.  He does not join the opinion.  A separate opinion
will not issue.)

Affirmed

Opinion
delivered and filed October 28, 2009

Do
not publish

[CR25]

 









[1] We note that trial counsel’s failure to
object to the possible prosecutorial misconduct does not arguably support an appeal asserting ineffective
assistance of counsel because the appellate record in this case does not
evidence the reasons for trial counsel’s conduct, and because the possible
deficiency could have been the subject of trial strategy not revealed by the
record.  See Jones v. State, 170 S.W.3d 772, 776-77 (Tex.
App.—Waco 2005, pet. ref’d).








rchterm1>evidence, as in
the instant case, the admission of the hearsay is properly deemed harmless and
does not constitute reversible error.”  Anderson v. State, 717 S.W.2d 622, 627 (Tex.
Crim. App. 1986); Shaw v. State, 122 S.W.3d 358, 364 (Tex.
App.—Texarkana 2003, no pet.); see Lane, 151 S.W.3d at 193.
 Any
error in admitting Matthews’s testimony was harmless.  See Anderson, 717 S.W.2d
at 627.

Jury Instruction

            In Garner’s third
point, he takes issue with the following jury instruction:

You are instructed that an “accomplice,” as the
term is here used, means anyone connected with the crime charged, as a party
thereto, and includes all persons who are connected with the crime by unlawful
act or omission on their part transpiring either before or during the
time of the commission of the offense, and whether or not they were present and
participated in the commission of the crime.  

 

(emphasis added).  The court
overruled Garner’s objection to the term “omission.”  

An accomplice “participates with
a defendant before, during, or after the commission of the crime and acts with
the requisite culpable mental state.”  Cocke v. State, 201 S.W.3d 744, 748 (Tex. Crim. App. 2006); Johnson
v. State, No.
08-05-00165-CR, 2007
 Tex. App. Lexis 1081, at *22 (Tex. App.—El Paso Feb. 15, 2007, no pet.).  Participation includes an “affirmative
act or omission”
that “promotes the commission of the offense with which the defendant is
charged.”  Blake
v. State, 971
S.W.2d 451, 454 (Tex. Crim. App. 1998); Cocke, 201 S.W.3d at 748; Johnson,
2007 Tex. App. Lexis 1081, at *22.  The court’s definition comports with this meaning of
“accomplice” and is a proper
accomplice-witness instruction.  See Hardie, 79 S.W.3d at 629.

Improper Jury Argument

                In his fourth and fifth points,
Garner complains of improper jury argument.  Garner did not object to the
specific statements that he challenges and has failed to preserve his complaint
for appeal.  See Tex. R. App. P. 33.1(a); see also Bible v. State, 162 S.W.3d 234, 248 (Tex. Crim.
App. 2005); Threadgill
v. State, 146
S.W.3d 654, 667 (Tex. Crim. App. 2004).

Testimony of Sergeant Charles
Peters

            Garner’s sixth point
challenges three portions of Peters’s testimony as hearsay.  

STATE: Okay.  And -- I just want to back up for
one second.  In that first interview, did the defendant ever make a statement
that Donovan was trying to say that he, Mr. Garner, helped him rob the store?

 

PETERS: Yes, sir.  He made a statement that
indicated the defendant here -- if you’ll give me just a minute.

 

DEFENSE COUNSEL: Judge, I ask that he testify from
his own recollection and not read from a report.

 

COURT: Well, you’re going to get to look at
whatever he’s reviewing.

 

DEFENSE COUNSEL: Okay.  Yes, sir.  

 

Because Garner did not object to this testimony as
hearsay, his objection does
not comport with his complaint on appeal.  See Wilson
v. State, 71
S.W.3d 346, 349 (Tex. Crim. App. 2002); see also Rezac
v. State, 782
S.W.2d 869, 870 (Tex. Crim. App. 1990).

            Peters also addressed
whether Mills explained Garner’s role in the robbery: 

PETERS: They will.  He indicated that they had
rode over to the store together and that Mr. Garner had said something about
knowing places where he could get some money.  And when I asked Mr. Mills about
what he meant by “getting money,” he said that he meant robbing the place.  

 

STATE: Okay. Did he say anything else about Mr.
Garner’s involvement in terms of the actual job that they were supposed to do,
the duties that each one had, or how he was supposed to discard of his clothes?

 

PETERS: He indicated that Mr. Garner had said that
he knew some folks -- 

 

DEFENSE COUNSEL: I object to hearsay at this
point, if we’re going to have the actual witness to testify to what that person
said.

 

STATE: Your Honor, under 803, statement against
interest, the statement by the declarant is admissible not only against the
declarant but against any coconspirator.

 

COURT: Objection overruled.

 

            STATE: You can go ahead.

            

PETERS: He indicated that he knew some folks that
were doing -- had done some other robberies.  And he said that you could -- all
you had to do was take and act like nothing happened and get rid of your
clothes and everything.

             

Garner contends that this
testimony constitutes hearsay, introduced evidence of extraneous acts, and
violates the Confrontation Clause.  Garner has not preserved his extraneous
offense or Confrontation Clause complaints.  See Camacho v. State, 864 S.W.2d 524, 533 (Tex. Crim.
App. 1993) (Rule 404 objection required to preserve extraneous offense
complaint); see
also Reyna v. State,
168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (hearsay objection does not
preserve complaint for Confrontation Clause claim).

Mills later testified to similar
facts, without objection.  The State asked Mills whether Garner had thought of
a “better way to get money,” to which Mills responded, “robbing a store.” 
Mills testified that Garner told him to burn his clothes in order to get away
with the robbery and that Garner mentioned that someone he knew committed robbery
without getting caught.  In light of Mills’s unobjected to testimony, any error
in admitting Peters’s testimony would be harmless.  See Anderson, 717 S.W.2d at
627; see also Lane, 151 S.W.3d at 193; Shaw,
122 S.W.3d at 364.

Finally,
Garner complains of one other portion of Peters’s testimony.  However, he did not object to this
testimony; thus, no complaint is preserved.  See Tex. R. App. P. 33.1(a); see also Tucker
v. State, 990 S.W.2d
261, 262 (Tex. Crim. App. 1999).

Extraneous Offenses

            Garner’s seventh and
eighth points challenge portions of Mills’s testimony as extraneous offense
evidence.  Mills testified that Garner offered him $300 to keep his “mouth
shut,” that he and Garner were “smoking some drugs” on the day of the robbery,
and that they sometimes “smoke weed, drink some beer, hang out.”  However,
Garner did not object to this testimony; thus, no complaint is preserved.  See
Tex. R. App. P. 33.1(a); see also Medina v. State, 7 S.W.3d 633, 643 (Tex. Crim.
App. 1999); Tucker, 990 S.W.2d at 262.

Hearsay, Speculation, and
Extraneous Offenses

Garner’s ninth point lists over
fifty citations to the record, complaining that his conviction was obtained by inadmissible
hearsay, speculation, extraneous offense evidence, and uncorroborated accomplice
witness testimony.[1] 
Much of this testimony was elicited by Garner’s own counsel.  Of the objected
to testimony, the court sustained one objection and we addressed the other in
Garner’s sixth point.  Garner lodged no objections to the remaining testimony;
his complaint is not preserved.  See Tex. R. App. P. 33.1(a); see also Medina, 7 S.W.3d at 643; Tucker,
990 S.W.2d at 262.

 

Deadly Weapon Finding

            Garner’s tenth point contends
that the evidence is insufficient to show that he used or exhibited a firearm
or knew that a firearm would be used; thus, the court erred by making an
affirmative deadly weapon finding. [2]

             “[W]hen there is an ‘affirmative finding’ by the
fact-finder that during the offense, ‘the defendant used or exhibited [a]
deadly weapon or was a party to the offense and knew that a deadly weapon would
be used or exhibited,’ the trial court must enter that finding in the judgment,
and if the deadly weapon is a firearm, that fact shall also be entered.”  Parker v. State, 119 S.W.3d 350, 358 (Tex.
App.—Waco 2003, pet. ref’d) (quoting Tex. Code Crim. Proc. Ann. art. 42.12 § 3g(a)(2) (Vernon 2006)). 
If a jury is the finder of fact, the trial court may enter an affirmative
finding on the use of a deadly weapon where: (1) the indictment includes an
allegation of a “deadly weapon,” and the verdict states the defendant is guilty
as charged in the indictment; (2) the indictment does not allege “deadly
weapon,” but does allege a weapon that is a deadly weapon by design, and
the verdict states the defendant is guilty as charged in the indictment; or (3)
the jury has affirmatively answered a special charge issue on “deadly weapon”
use or exhibition.  Id. (quoting LaFleur
v. State, 106
S.W.3d 91, 95 (Tex. Crim. App. 2003); Polk v.
State, 693
S.W.2d 391, 396 (Tex. Crim. App. 1985)).

               The indictment
alleges that Garner committed aggravated robbery by using or exhibiting a
deadly weapon, “to wit-a firearm.”  The court instructed the jury that an
aggravated robbery is one committed by a person who “uses or exhibits a deadly
weapon.”  The court also instructed the jury on the law of the parties.  The application
paragraph instructed that Garner could be found guilty of aggravated robbery if
he possessed the
requisite intent and conduct.  The jury found Garner “guilty of the offense of Aggravated Robbery as
charged in the indictment.”  Thus, it essentially found that Garner was a party to the robbery and
knew a deadly weapon would be used during the robbery.  Accordingly, “the jury
necessarily made the factual finding to support the entry of an affirmative
finding of the use or exhibition of a deadly weapon upon the judgment.”  Sarmiento v. State, 93 S.W.3d 566, 570 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d);
see Bell v. State, 169 S.W.3d 384, 398-99 (Tex.
App.—Fort Worth 2005, pet. ref’d).  The court did not err in entering the
affirmative finding in the judgment.  See id; see also Parker, 119 S.W.3d at 358-59.

In summary, having addressed each
of Garner’s ten
points of error, we
find that Garner has not presented any issues of arguable merit.  See Bledsoe, 178 S.W.3d at 827; see
also Villanueva, 209 S.W.3d at 243.

Independent Review

We have conducted an independent
review of the record to determine whether any other arguable grounds for appeal
exist. 
The record contains several
objections lodged by Garner, none of which give rise to any issues of arguable
merit.  Accordingly, we agree with counsel that Garner’s appeal presents no
issues of arguable merit.  Counsel must advise Garner of the disposition of
this appeal and of his right to file a pro se petition for discretionary
review.  See
Villanueva, 209
S.W.3d at 249; see also Meza v. State, 206 S.W.3d 684, 689 (Tex.
Crim. App. 2006).  We
grant counsel’s motion to withdraw as Garner’s appellate counsel, effective
upon his notifying Garner of our decision and of his right to file a pro se
petition for discretionary review. 
See
Villanueva, 209
S.W.3d at 249; see also Meza, 206 S.W.3d at 689.

The judgment is affirmed.
   

 

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting)

Affirmed

Opinion delivered and
filed May 30, 2007

Do not publish

[CR25]









[1]               Although Garner
states his ninth point as “the trial court erred when it failed to protect the
Defendant’s Sixth Amendment right to effect assistance of counsel,” the
substance of his argument does not address this claim.

 





[2]               Garner’s tenth point states that
“the trial court erred in its instruction to the jury in regard to the ‘use’ of
a deadly weapon; necessary elements weren’t proven.”  However, the substance of
his argument addresses the court’s authority to enter the finding.